KEENAN *v.* CITY OF MOUNT PLEASANT.

1. APPEAL AND ERROR — BRIEF OF APPELLANT — STATEMENT OF FACTS.

> The court will not undertake to perform the duty devolving on counsel for appellant to make a clear and con-

cise statement of the errors relied upon, the questions involved, and the manner in which they are raised, as required by Supreme Court Rule 40.

2. MASTER AND SERVANT—INSTRUCTIONS TO JURY—TRIAL.

On the trial of a personal injury case, brought by an employee of the city who was hurt by the caving in of a trench which he was working in, the court covered defendant's request to charge the jury that if defendant's agent or officer instructed plaintiff's fellow-servant to watch the bank and give necessary warning, his failure to do so was the proximate cause of the injury, where the charge as given stated that if plaintiff was negligent, because he assumed an improper or unsafe position, he could not recover, that if he was warned, as defendant claimed, of the danger, or heard the fellow-servant instructed to watch the place and that it was dangerous, he would be chargeable with the duty of using great care, but if he did not hear it, the jury should not consider the testimony on that point, that if defendant's agent placed a servant to watch the bank for any warning of a cave-in and to give immediate notice to the other workmen, defendant performed its legal duty, and that defendant was only required to furnish a reasonably safe place to work.[1]

3. SAME—CONTRIBUTORY NEGLIGENCE—RISKS ASSUMED.

Upon testimony that plaintiff was assured by defendant's water commissioner, in charge of its work, that the trench was safe and that the plaintiff did not hear the instructions given a fellow-servant to warn the men of danger, the questions of assumption of risk and of contributory negligence became questions of fact for the jury.

4. MUNICIPAL CORPORATIONS—FILING CLAIM—DEFENSE—STATUTES.

Under 1 Comp. Laws, § 3081 (2 How. Stat. [2d Ed.] § 5603), requiring the filing of a claim for injuries with the council of a city, the failure to present the same is a matter of defense, which defendant must show: plaintiff's omission to prove the fact did not entitle defendant city to a verdict.

Error to Isabella; Dodds, J. Submitted January

---

[1] The question of the liability of a municipality for injury to servant in connection with waterworks system is treated in a note in 25 L. R. A. (N. S.) 241.

17, 1913. (Docket No. 145.) Decided September 30, 1913.

Case by Michael Keenan against the city of Mt. Pleasant for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Francis McNamara* and *H. A. Sanford*, for appellant.

*Frank H. Dusenbury* and *William M. Smith*, for appellee.

MCALVAY, J. This is an action for damages for personal injuries received by plaintiff while employed by defendant, under its proper officer, in laying certain water pipes in a trench, by a caving in of the side of the trench upon him. He recovered a substantial judgment upon the verdict of a jury, and the case is brought here by the defendant for review.

The defendant and appellant in its brief has not complied with the requirements of Rule 40 of this court. Its brief does not contain a clear and concise statement of the facts distinct from argument. It does not contain a statement of the errors upon which appellant relies, nor of the questions involved, nor of the manner in which they were raised. It is not the province of this court in any of these respects to perform the duties devolving upon counsel, and no attempt will be made to do so.

We find in the charge of the court a statement of the claims made by the parties upon the trial, which, for the purposes of this case, sufficiently states the facts. It is as follows:

"The plaintiff claims that at the time in question, while he was working for the city under the instructions of the street commissioner, Charles McKinnon, he was called from the work he was doing and sent into the bottom of the trench, where they were laying

water pipe, to assist in calking the last, or the last two, of the joints of the water pipes where they came together.   He claims that it was 5 or 5½ feet deep, perhaps.   The plaintiff claims that, at the time, he had never been in the business of calking—except for a short time before on another street and then only for a short period of time—that when he went in there, as he says, his experience had been only about an hour altogether.   He claims that the place was dangerous, and that previous to his going there that day he was assured that it was not dangerous by the water commissioner, and that he relied upon that assurance in going into the trench and in performing the labor that he was attempting to perform, and he claims that while there, and while in the performance of his duties, and without any negligence on his part, the bank from the west slipped in on him, and he was covered up and received the injuries which he has claimed here in the case occurred to him at that time. The defendant admits that the plaintiff was injured at the time and place claimed by the plaintiff.   It admits that the water pipe that was being laid was about five feet below the surface, and that the dirt that had been thrown out of the trench was thrown on the west side of the trench, and that the plaintiff was sent into the trench to perform labor by the commissioner.   But they also claim that Mr. Drum, one of the men working there, was left upon the bank to watch the bank at that place, and that plaintiff was warned of the danger before he went in there, and that he himself, after being warned, claimed that there was not any danger, and that while in there he assumed a position which increased the danger that there might be by reason of lying down upon the pipe, instead of having his feet kept in a position so that he could rise up in case the bank started to fall in, and that, while the bank did fall in, that if he had been in the proper position in doing his work he could have arisen to his feet and would not have been hurt, and that while there he was warned by Mr. Bemrose and Mr. Dunn—who, they claim, was upon the bank—to be careful, and by Mr. Bemrose that he should not lie down upon the pipe."

We find from defendant's brief that reliance is

placed upon error assigned, because of the failure of the court to give its fourth request to charge, as follows:

"If you find that the water commissioner instructed Mr. Drum to watch the bank and give any necessary warning, and Mr. Drum failed to give such warning as was necessary, the negligence of Mr. Drum, as a fellow-servant, was the proximate cause of the injury, and the plaintiff cannot recover."

And charging instead:

"Now, if Mr. McKinnon, as he says, saw some of this sand fall down in the trench, and thought that then there might be danger, and placed Mr. Drum there for the purpose of watching, that was a proper thing for him to do, and if Mr. Drum neglected his duties, the city would not be liable for it, so far as that particular thing is concerned."

The foregoing excerpt from the charge, taken by itself, does not fairly represent what the court said in his charge upon this subject. The foregoing charge was continued by saying:

"But the plaintiff claims that that was not all that was necessary on the part of the city to make this a reasonably safe place. They say that it ought to have been curbed, or stayed, in some way, inasmuch as the commissioner knew that it was dangerous, and that, as a matter of fact, it was dangerous—and, of course, gentlemen, the result showed that it was dangerous. The commissioner may not have known that it was as dangerous as it was, or that there was any danger at all, and he claims there would not have been any danger if the plaintiff had obeyed the warning given him and stood upon his feet, as he ought to have stood, as they claim, in calking a joint, because they say, if a man stays on his feet and the bank starts to slip, that he may rise up and get out of the way of it, and then he will be covered only for a portion of his limbs; but, if he is lying upon his breast, they claim that he cannot get up, and consequently he will be caught in there, and he is in more danger, and they claim that the plaintiff was negli-

gent by reason of the position that he got into, and that he is liable himself for this. Now, if the plaintiff was negligent by reason of getting into the wrong position, when he could have taken another position, then he cannot recover in this case, even though the place was a dangerous place, because no man can recover in the State of Michigan who is himself guilty of negligence that contributed to the injury that he sustained.

"But this warning that the defendant claims that they gave the plaintiff must be considered in two different phases: First, if everything was done that the defendant claims was done, then you could take that into consideration in determining whether or not the defendant was guilty of negligence; but, if the plaintiff did not hear about that, then it makes some difference in determining whether or not he was guilty of negligence. If he heard Mr. McKinnon tell Mr. Drum that that was dangerous, and to stand right there and watch it, as the defendant claims, then he was put upon his guard, and ought to have been very careful; but if he did not hear that at all, even if it was said, and you could not say that he knew it was dangerous, then you could not take that into consideration in determining whether or not he was guilty of negligence himself. I want you to understand that, gentlemen, because it has a double bearing: If McKinnon told Drum to stand there, expecting he would do it, as it was his duty to do, and he told him that, then, so far as that particular thing is concerned, that would be performance of duty on the part of the defendant. And if the plaintiff heard it, then he would have to take notice of it, and you would have to consider it in determining whether or not he was negligent. But, if he did not hear it, all the effect it would have is to show that the defendant was not negligent in that particular. But, if the plaintiff was not otherwise negligent, and if you find it was negligent of him in lying down on his breast, as some of these witnesses say, and he did do that, when a reasonably prudent man would have done otherwise, then he cannot recover. But, if McKinnon placed Drum there on the bank, with orders to watch the bank on the other side carefully and give warning,

as McKinnon says can always be done, because, he says, the bank does always give warning, if that is true, if the bank always does give warning, and he placed Drum there with orders to watch it and give warning immediately, then McKinnon did all that the law requires of him to do in that regard, so far as giving warning is concerned.

"Now, the defendant is required by law to furnish a reasonably safe place for its employees to work. Testimony has been offered here to show that water mains have been laid for a great many years to the depth of five feet, as this one is claimed to be, and that no accident has happened during that whole time, and that it has always been done without curbing. You are to take that into consideration in determining whether or not this was a safe place for the superintendent to send an employee into to work who had the same experience that Mr. Keenan had.

"When Mr. Keenan went into the trench, if he had previously heard McKinnon assure him that it was safe, he had a right, as I told you before, to consider that in determining what his action should be in the trench. But if, notwithstanding all that, he got into an unsafe position, where he could not help himself in case of danger, and a reasonably prudent man would not have done that, and he was injured by reason of that, then he cannot recover."

So large a portion of the charge has been given that it will be readily understood that upon the matter above complained of the court fully and fairly protected the rights of defendant.

It is further claimed by defendant that the court was in error in not directing a verdict in favor of defendant, as requested, upon the grounds:

(1) That the risk was assumed by plaintiff, and was an obvious risk; (2) that there was no evidence of a statement of plaintiff's claim for injury having been filed with the city clerk, as required by law; (3) that plaintiff was guilty of contributory negligence.

The first and third propositions were disputed questions of fact, which were properly submitted to the jury, and found against defendant's contention. It

appears, without dispute, that plaintiff was not a man acquainted with the work which he was ordered to perform in the trench in calking the pipes, and there was evidence tending to show that he was assured by the commissioner of the safety of the place, as well as evidence that he did not hear the commissioner order the man Drum to warn the workmen.

With reference to the second proposition relative to filing his claim with the clerk, no defense in the case was claimed or presented based upon the plaintiff's neglect in that regard. The question was first raised upon the above motion.

The record shows that upon a motion for a new trial, based upon these same objections, it appeared, from the showing by plaintiff, that within the time provided by law he had fulfilled all the requirements of the statute in regard to filing his claim with the city clerk, which fact the court finds was not disputed. From this it is clear that defendant knew plaintiff had complied with the law, and bases his contention upon the claim that it must be shown affirmatively by plaintiff.

The statute invoked by defendant, which is section 3081, 1 Comp. Laws (2 How. Stat. [2d Ed.] § 5603), reads:

"It shall be a sufficient defense in any court, to any action or proceeding for the collection of any demand or claim against the city for personal injuries or otherwise, that it has never been presented  *  *  *  to the council for allowance."

The fact that a claim has not been presented for allowance is made by the statute a matter of defense. This statute does not provide that the omission to present any claim shall be a bar to an action against the city therefor, as is sometimes provided by charter, but distinctly states that it shall be "a sufficient defense in any court." The court was therefore not in error in refusing to direct a verdict for defendant.

The denial of the motion for a new trial is not seriously discussed by appellant. An examination of the reasons upon which it is founded satisfies us that the disposition made of the motion by the court was correct. The record shows that plaintiff was seriously injured; that the case was carefully submitted by the trial court to the jury, and that the verdict of the jury cannot be considered excessive, but was supported by the evidence in the case.

The judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.